UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

JAMES PATRICK WHITE,

    Plaintiff,

v.	Case No.:  2:25-cv-75-SPC-KCD

OFFICER MURPHY and
ROMONA BADER,

    Defendants.
_____/

## OPINION AND ORDER

Before the Court is Plaintiff James Patrick White's Complaint (Doc. 1). White is a prisoner of the Florida Department of Corrections, and he sues two prison officials—officer Murphy and nurse Ramona Bader—under 42 U.S.C. § 1983.  United States Magistrate Judge Kyle Dudek granted White leave to proceed *in forma pauperis*, so the Court must review the Complaint *sua sponte* to determine whether it is frivolous or malicious, fails to state a claim, or seeks monetary damages against a party who is immune from such relief.  *See* 28 U.S.C. 1915(e)(2).

To state a § 1983 claim, a plaintiff must allege that (1) the defendant deprived him of a right secured under the Constitution or federal law, and (2) the deprivation occurred under color of state law.  *Bingham v. Thomas*, 654 F.3d 1171, 1175 (11th Cir. 2011) (citing *Arrington v. Cobb Cnty.*, 139 F.3d 865,

872 (11th Cir. 1998)).  In addition, a plaintiff must allege and establish an affirmative causal connection between the defendant's conduct and the constitutional deprivation.  *Marsh v. Butler Cnty., Ala.*, 268 F.3d 1014, 1059 (11th Cir. 2001).

White alleges that while he was in the shower, officer Murphy punched him, and he fell.  As a result, White cut his foot on the shower door and hit the back of his head.  Another officer named Brown took White to the medical examination room, where Bader asked if he had any injuries.  Brown said, "Oh, I'm quite sure he's OK.  Am I right, White?  There's no need to make this situation worse than it already is."  White asked if he would be in trouble, and Brown responded, "That depends on you."  (Doc. 1 at 4).  Bader did not intervene or get up to examine the cut on White's foot.  White was then escorted back to his cell.

White sues Murphy for excessive force, but he does not state the legal basis for his claim against Bader.  Presumably, White sues Bader for deliberate indifference to a serious medical need.  But the alleged facts are not sufficient to support such a claim.  In *Estelle v. Gamble*, the Supreme Court established that "deliberate indifference to serious medical needs of prisoners constitutes the 'unnecessary and wanton infliction of pain,' proscribed by the Eighth Amendment."  429 U.S. 97, 104 (1976).  But not every claim of inadequate medical treatment gives rise to an Eighth Amendment violation.  *Id*. at 105.

Negligence in diagnosis or treatment—even if it constitutes medical malpractice—does not necessarily violate the constitution. *Id.* at 106.

"To prevail on a claim of deliberate indifference to serious medical need in violation of the [Eighth] Amendment, a plaintiff must show: '(1) a serious medical need; (2) the defendant['s] deliberate indifference to that need; and (3) causation between that indifference and the plaintiff's injury.'" *Youmans v. Gagnon*, 626 F.3d 557, 563 (11th Cir. 2010) (quoting *Mann v. Taser Int'l, Inc.*, 588 F.3d 1291, 1306–07 (11th Cir. 2009)). In the Eleventh Circuit, "[a] serious medical need is 'one that has been diagnosed by a physician as mandating treatment or one that is so obvious that a lay person would easily recognize the necessity for a doctor's attention.'" *Shaw v. Allen*, 701 F. App'x 891, 893 (11th Cir. 2017) (quoting *Farrow v. West*, 320 F.3d 1235, 1243 (11th Cir. 2003)). Deliberate indifference is akin to subjective recklessness as used in criminal law. To establish deliberate indifferent, a plaintiff "must show that the defendant was actually, subjectively aware that his own conduct caused a substantial risk of serious harm to the plaintiff." *Wade v. McDade*, 106 F.4th 1251, 1262 (11th Cir. 2024).

White alleges Bader failed to physically get up to examine the "nice size gash" on his left foot and ankle. (Doc. 1 at 4-5). That is not enough to state an Eighth Amendment claim. White does not plausibly allege that the cut on his foot was a serious medical need or that Bader was subjectively aware that her

3

failure to examine the foot would cause White serious harm, nor does White allege that he actually suffered any harm as a result of Bader's conduct. The Court will thus dismiss White's claim against Bader.

Accordingly, it is

**ORDERED:**

Plaintiff James Patrick White's claim against Ramona Bader is **DISMISSED without prejudice**. The Clerk is **DIRECTED** to terminate Bader as a party to this case.

**DONE** and **ORDERED** in Fort Myers, Florida on March 3, 2025.

SHERI POLSTER CHAPPELL
UNITED STATES DISTRICT JUDGE

SA: FTMP-1
Copies: All Parties of Record