UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

JAMES PATRICK WHITE,

     Plaintiff,

v.                                                    Case No.:  2:25-cv-75-SPC-DNF

TRISTEN MURPHY,

     Defendant.

_____/

**OPINION AND ORDER**

Before the Court is Defendant Tristen Murphy's Motion to Dismiss Plaintiff's Complaint (Doc. 21) and Plaintiff's Response (Doc. 25). For the reasons stated below, the Motion is granted in part and denied in part.

**Background**

Plaintiff James Patrick White is a prisoner of the Florida Department of Corrections (FDOC). He claims that Murphy—a former officer at Charlotte Correctional Institution (Charlotte CI)—violated his Eighth Amendment right to be free from excessive force. (Doc. 1 at 2-4, 7). Murphy moves to dismiss, raising qualified immunity and arguing that White fails to state a claim and is not entitled to injunctive or declaratory relief. (Doc. 21). The Court recounts the factual background as pled in the Complaint, which it must take as true to

decide whether White states a plausible claim. *See Chandler v. Sec'y Fla. Dep't of Transp.*, 695 F.3d 1194, 1198-99 (11th Cir. 2012).

On September 9, 2024, White took a shower at Charlotte CI. (Doc. 1 at 3). After the shower, Murphy arrived to escort White back to his cell. (*Id.*) White remarked, "We were in these showers for quite a long time." (*Id.*) Murphy became "hostile and aggressive," threatening to "put [White] back in there for another 20 minutes." (*Id.*) To "avoid conflict," White said, "No sir, I'[d] rather go back to my cell." (*Id.*) Murphy responded by punching White and screaming, "Mother f*cker." (*Id.*) A "security orderly" intervened and said to Murphy, "Hey man[,] what are you doing, you're on camera." (*Id.*) The punch caused White to fall to the ground. (*Id.*) He "hit the back of his head," which "created a knot and minor abrasion." (*Id.* at 4). His left foot also received a "nice size[d] gash." (*Id.*) During the incident, White was handcuffed. (Doc. 1-1 at 2).

White seeks $50,000 in compensatory damages and $50,000 in punitive damages. (Doc. 1 at 6). He also requests a "declaration" that Murphy's conduct violated the constitution and a "restraining order" against Murphy. (*Id.*)

## Legal Standard

When considering a motion to dismiss under Rule 12(b)(6), courts must accept all factual allegations in the complaint as true and view them in a light most favorable to the plaintiff. *See Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

2

The preferential standard of review, however, does not let all pleadings adorned with facts survive to the next stage of litigation. The Supreme Court has been clear on this point—a district court should dismiss a claim when a party does not plead facts that make the claim facially plausible. *See Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). A claim is facially plausible when a court can draw a reasonable inference, based on facts pled, that the opposing party is liable for the alleged misconduct. *See Iqbal*, 556 U.S. at 678. This plausibility standard requires "more than a sheer possibility that a defendant has acted unlawfully." *Id.* (citing *Twombly*, 550 U.S. at 557 (internal quotation marks omitted)). And a plaintiff must allege more than labels and conclusions amounting to a formulaic recitation of the elements of a cause of action. *Twombly*, 550 U.S. at 555.

To state a § 1983 claim, a plaintiff must allege that (1) the defendant deprived him of a right secured under the Constitution or federal law, and (2) the deprivation occurred under color of state law. *Bingham v. Thomas*, 654 F.3d 1171, 1175 (11th Cir. 2011) (citing *Arrington v. Cobb Cnty.*, 139 F.3d 865, 872 (11th Cir. 1998)). In addition, a plaintiff must allege and establish an affirmative causal connection between the defendant's conduct and the constitutional deprivation. *Marsh v. Butler Cnty., Ala.*, 268 F.3d 1014, 1059 (11th Cir. 2001).

3

White is representing himself in this action.  Courts hold the pleadings of *pro se* litigants to a less stringent standard than pleadings drafted by attorneys. *Tannenbaum v. United States*, 148 F.3d 1262, 1263 (11th Cir. 1998). But courts do not have a duty to "re-write" a *pro se* litigant's complaint to find a claim. *See Washington v. Dep't of Children & Families*, 256 F. App'x 326, 327 (11th Cir. 2007).

## Discussion

### A.    Pleading Sufficiency

White alleges that Murphy used excessive force against him in violation of the Eighth Amendment.  The core judicial inquiry for an excessive-force claim is "whether force was applied in a good faith effort to maintain or restore discipline, or maliciously and sadistically to cause harm." *Sconiers v. Lockhart*, 946 F.3d 1256, 1265 (11th Cir. 2020) (quoting *Wilkins v. Gaddy*, 559 U.S. 34, 37 (2010)).  A prisoner asserting an excessive-force claim must establish two elements: "the official must have both 'acted with a sufficiently culpable state of mind' (the subjective element), and the conduct must have been 'objectively harmful enough to establish a constitutional violation.'" *Id.* (quoting *Hudson v. McMillian*, 503 U.S. 1, 8 (1992)).  A claim satisfies the subjective element if the force was "sadistically and maliciously applied for the very purpose of causing harm." *Id.*  The objective component "focuses on whether the official's

actions were harmful enough or sufficiently serious to violate the constitution." *Id.* (cleaned up).

White states a plausible excessive-force claim. As Murphy escorted White from the shower to his cell, White said, "We were in these showers for quite a long time." (Doc. 1 at 3). Murphy threatened to send White back to the shower "for another 20 minutes." (*Id.*) White said, "No sir, I'[d] rather go back to my cell." (*Id.*) In response, Murphy allegedly punched a handcuffed White, causing him to fall over and hit the back of his head. (*Id.*; Doc. 1-1 at 2). Taken as true, these allegations are sufficient to plead that Murphy applied force "sadistically and maliciously . . . for the very purpose of causing harm," and that the use of force was "sufficiently serious to violate the constitution." *Sconiers*, 946 F.3d at 1265; *see also Davis v. Locke*, 936 F.2d 1208, 1213 (11th Cir. 1991) (holding that the Eighth Amendment "prohibit[s] the use of excessive force by a prison guard against an inmate" who is restrained and "pose[s] no continuing threat").

Murphy says the Complaint must be dismissed because White's injuries were *de minimis*. (Doc. 21 at 7). Not so. "An inmate who is gratuitously beaten by guards does not lose his ability to pursue an excessive-force claim merely because he has the good fortune to escape without serious injury." *Wilkins*, 559 U.S. at 38. "To conclude . . . that the absence of some arbitrary quantity of injury requires automatic dismissal of an excessive-force claim improperly

5

bypasses [the] core [judicial] inquiry," which is the nature of the force. *Id.* at 39. Even if White's injuries could be described as *de minimis*, that would not warrant dismissal of his excessive-force claim.

### B.     Qualified Immunity

Murphy argues that qualified immunity bars White's claim against him. (Doc. 21 at 5). "Qualified immunity protects government officials from individual liability unless they violate clearly established statutory or constitutional rights of which a reasonable person would have known." *Snorton v. Owens*, 808 F. App'x 814, 820 (11th Cir. 2020). An official invoking qualified immunity must first show he was acting within the scope of his discretionary authority. *Id.* The burden then shifts to the plaintiff to show: (1) the official violated a federal statutory or constitutional right; and (2) the unlawfulness of the official's conduct was clearly established at the time of the alleged violation. *Id.* at 820-21. Murphy was plainly acting within the scope of his discretionary authority when he used force on White.

"A federal right is 'clearly established' when 'at the time of the officer's conduct, the law was sufficiently clear that every reasonable official would understand that what he was doing is unlawful.'" *Anderson v. Vazquez*, 813 F. App'x 358, 360 (11th Cir. 2020) (quoting *D.C. v. Wesby*, 138 S. Ct. 577, 589 (2018)). "In other words, existing law must have placed the constitutionality

of the officer's conduct beyond debate." *Wesby*, 132 S. Ct. at 589 (internal quotations omitted). To show that a legal principle is clearly established, a plaintiff must produce precedent "clear enough that every reasonable official would interpret it to establish the particular rule the plaintiff seeks to apply." *Id.*

As explained above, White adequately alleges that Murphy violated his Eighth Amendment right to be free from excessive force. So the question is whether the unlawfulness of Murphy's actions was clearly established at the time. It was. When the incident occurred, it was clearly established that "the unjustified use of excessive force by a prison guard against an inmate" violates the Eighth Amendment. *Davis*, 936 F.2d at 1213. It was also clearly established that the Eighth Amendment forbids the use of gratuitous force against "a handcuffed, non-resisting" prisoner. *Hadley v. Gutierrez*, 526 F.3d 1324, 1333 (11th Cir. 2008). White claims that Murphy punched him even though he was handcuffed and posed no threat of harm. Accepting these allegations as true, Murphy is not entitled to qualified immunity.

### C.   Injunctive and Declaratory Relief

Finally, Murphy argues that White is not entitled to injunctive or declaratory relief. (Doc. 21 at 8). As noted above, White seeks injunctive relief in the form of a "restraining order" against Murphy. (Doc. 1 at 6). He also requests a "declaration" that Murphy's conduct violated the constitution. (*Id.*)

Claims for "declaratory and injunctive relief" are "inherently prospective in nature." *Checker Cab Operators, Inc. v. Miami-Dade Cnty.*, 899 F.3d 908, 916 (11th Cir. 2018). Thus, to establish entitlement to "injunctive or declaratory relief, a plaintiff must allege facts from which it appears there is a substantial likelihood that he will suffer injury in the future." *Worthy v. City of Phenix City*, 930 F.3d 1206, 1215 (11th Cir. 2019). "[T]he continuing controversy . . . must be real and immediate, and create a definite, rather than speculative threat of future injury." *Emory v. Peeler*, 756 F.2d 1547, 1552 (11th Cir. 1985).

White fails to show that injunctive or declaratory relief is available here. The Complaint concerns an excessive-force incident that occurred 18 months ago. Nothing about the incident suggests that White faces "a real and immediate threat of repeated injury." *Murthy v. Missouri*, 603 U.S. 43, 58 (2024). Indeed, the FDOC no longer employs Murphy, and White no longer resides at Charlotte CI, the facility where the incident took place. (Doc. 21 at 8; Doc. 25 at 13; Doc. 28). Therefore, White fails to establish "a substantial likelihood that he will suffer injury in the future." *Worthy*, 930 F.3d at 1215; *see also Vann v. Tabil*, No. 2:23-cv-396-SPC-NPM, 2024 WL 3849896, at *5 (M.D. Fla. Aug. 16, 2024) (dismissing prisoner's "claims for injunctive and declaratory relief" because he no longer resided at facility where defendant-officers worked).

Accordingly, it is

**ORDERED:**

1.      Defendant Tristen Murphy's Motion to Dismiss Plaintiff's Complaint (Doc. 21) is **GRANTED in part and DENIED in part**.

2.      White's requests for injunctive and declaratory relief are **DISMISSED**.

3.      Murphy must answer the Complaint within **14 days** of this Opinion and Order.

**DONE** and **ORDERED** in Fort Myers, Florida on March 5, 2026.

SHERI POLSTER CHAPPELL
UNITED STATES DISTRICT JUDGE

SA:  TpaP-2
Copies:  All Parties of Record

9